UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELEMENT MARITIME SA,** | § § | CIVIL ACTION |
| **Plaintiff,** | § § § | CASE NO._____ |
| vs. | § § | |
| **JERA GLOBAL MARKETS PTE LTD,** | § § | IN ADMIRALTY |
| **Defendant** | § | |

## VERIFIED COMPLAINT

COMES NOW, Plaintiff, Element Maritime SA (hereinafter "Element" or "Plaintiff"), by and through its undersigned counsel, hereby files this Verified Complaint against the Defendant Jera Global Markets Pte Ltd (hereinafter the "Defendant") and avers and pleads as follows:

### I. JURISDICTION, VENUE AND PARTIES

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is brought under the provisions of Rule B and Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (hereinafter "Supplemental Rules").

2. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because the property belonging to the Defendant, to wit, bunkers on board the M/V LAURENCE FRANCOISE (IMO 9827061), is or will be located within the Eastern District of Louisiana during the pendency of this action.

3. At all times material hereto, Plaintiff was and still is a foreign business organized under the laws of Switzerland.

4. At all times material hereto, Defendant was and still is a foreign business organized

1

under the laws of Singapore.

## II. FACTS

5. Plaintiff brings this action in order to recover amounts due and owing as a result of Defendant's breach of the parties' charter party agreement.

6. On or about March 15, 2022, Plaintiff, as Charterers, entered into a time charter party agreement with Defendant, as disponent Owners, wherein Defendant agreed to let and Plaintiff agreed to hire the M/V LAURENCE FRANCOISE "FOR A TIME CHARTER TRIP OF ONE LADEN LEG VIA BRAZIL (INT ITAGUAI) TO POLAND-GIB (INT POLAND) WITH MINERALS (INT IRON ORE) REDEL SKAW-GIB, TRADING VIA ICE FREE SPS/SBS/SAS, AAAA, ALWAYS WITHIN INL," *Attached hereto is the Fixture Recap as Exhibit 1. The incorporated head charter party is attached hereto as Exhibit 2.*

7. The charter party agreement is a maritime contract.

8. The parties agreed to arbitration of disputes arising out of the maritime contract in London with English law to apply.

9. Pursuant to the charter party agreement, Defendant reserved the right to perform a credit check on Plaintiff. The deadline to execute any right of withdrawal under this clause was close of business (i.e., 5:00 pm) London time on March 15, 2022.

10. After the expiration of the deadline, at or about 7:11 pm London time on March 15, 2022, Defendant purported to withdraw the M/V LAURENCE FRANCOISE from the charter party agreement.

11. The notice was untimely and the withdrawal of the M/V LAURENCE FRANCOISE by Defendant was a breach of the charter party agreement.

12. On March 11, 2022, Plaintiff had entered into a voyage charter agreement with Vale

International SA for the transport of 70,000 metric tons of iron ore (+/- 10,000 in Owners option). Subjects had been lifted and Plaintiff had until March 17, 2022 to nominate the vessel to complete the voyage. *A copy of the Voyage Charter Party agreement is attached as Exhibit 3*.

13. As a result of the Defendant's breach of the March 15, 2022 time charter party agreement, Plaintiff was not able to nominate the M/V LAURENCE FRANCOISE as had been expected. Plaintiff was unable to source a suitable replacement vessel within the nomination period of the voyage charter party with Vale International SA. Accordingly and as a result of Defendant's breach, Plaintiff has suffered approximately USD 448,098.50 in damages as a result of the loss of a sub-charter agreement with Vale International SA. *A copy of Plaintiff's estimated damages calculation is attached hereto as Exhibit 4*.

### III. APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

14. Plaintiff restates and re-alleges each and every allegation contained in the above foregoing Verified Complaint.

15. Plaintiff's claim for breach of the charter party agreement is a maritime claim.

16. This is an ancillary proceeding, brought in order to obtain jurisdiction over Defendant to obtain security for Plaintiff's claims in aid of a London arbitration proceeding.

17. Interest, costs, and attorney's fees are routinely awarded to the prevailing party under English Law and the procedural rules of London arbitration. It is standard for interest to be awarded to the prevailing party in the amount of 4.5% to 5.5%, compounded quarterly.

18. Plaintiff expects to recover the following amounts in arbitration from Defendant:

    A.    Claim:    $448,098.50

    B.    Estimated Interest for Principal Claim:    $46,901.50
          *2 years at 5.0 %, compounded quarterly*

|   |   |   |
|---|---|---|
| C. | Estimated Arbitration Cost: | $150,000.00 |
| D. | Estimated Attorney's Fees: | $100,000.00 |
|    | TOTAL: | $745,000.00 |

19. Therefore, Plaintiff's total claim for breach of the charter party, plus applicable interest, costs, and fees in the aggregate estimated to be no less than **$745,000.00**.

20. Defendant is not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. *Attached hereto is a true and correct copy of the Declaration of Daphne P. McNutt as Exhibit 5.* Notwithstanding, the Defendant has or will have within the District tangible or intangible personal property including assets, accounts, freights, monies, charter hire, credits, effects, payments, goods or services, bills of lading, cargo and the like, which is subject to attachment as security for Plaintiff's claims.

21. The M/V LAURENCE FRANCOISE (IMO 9827061), remains under time charter to the Defendant and upon information and belief is presently or will soon be presently within the Eastern District of Lousiana, specifically within the Port of Davant. *See Exhibit 2.*

22. The M/V LAURENCE FRANCOISE has on board tangible physical property of said Defendant, to wit bunkers on board the M/V LAURENCE FRANCOISE, as well as any other tangible and/or intangible property located onboard which is subject to attachment as security for Plaintiff's maritime claims. It is standard in the market and in time charter party contracts that upon delivery of the Vessel into the time charterer's service, the charterer becomes the owner of the bunkers onboard the Vessel. *See Exhibit 2.*

23. Accordingly, Plaintiff has the good faith belief that the bunkers onboard the M/V LAURENCE FRANCOISE are assets of Defendant which are or will be located in this District.

24. Moreover, upon information and belief, Defendant has appointed an agent in this District to service the M/V LAURENCE FRANCOISE and it is likely that the said steamship agent has in its possession and/or control tangible or intangible property of Defendant including but not limited to funds advanced by Defendant in respect of disbursements, pilots, tugs, stevedoring services, port costs, and expenses relating to the upcoming calls of the M/V LAURENCE FRANCOISE, and also freights payable to the said Defendant in respect of booking notes, bills of lading, or other contracts of affreightment.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendant and said Defendant be cited to appear and answer the allegations of this Verified Complaint;

B. That if Defendant cannot be found within this District, then all of its respective tangible or intangible property within this District, including physical property, or any property in which Defendant has an interest, such as debts, obligations, credits, effects, or property of any kind belonging to, claimed by, or held for the benefit of, the Defendants, be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

C. That if Defendant fails to appear and answer this matter once property has been attached and notice and service of same provided consistent with the Federal Rules of Civil Procedure and the Supplemental Admiralty Rules, that judgment be entered against the Defendant in the sum of **$745,000.00**, plus interest and costs, and the proceeds of the assets attached be applied in satisfaction thereof;

D. That the Court grant Plaintiff such other and further relief as it deems just, equitable and proper.

Dated: June 3, 2022
New Orleans, Louisiana

Respectfully submitted,

**BARRY & CO., LLC**

*s/ Stephen R. Barry*

**STEPHEN R. BARRY (# 21465)**
*A Professional Law Corporation*
**DAPHNE P. MCNUTT (#20292)**
405 West Main Street, Suite 101
Lafayette, Louisiana 70501
Tel: (337) 237-2889
Fax: (337) 237-2878
sbarry@barrylawco.com
dmcnutt@barrylawco.com
*Attorneys for Plaintiff, Element Maritime SA*

*Of Counsel*
CHALOS & CO, P.C.
Briton P. Sparkman
*Pro Hac Vice Application Forthcoming*
*Attorney for Plaintiff*
7210 Tickner Street
Houston, Texas 77055
Telephone: (516) 714-4300
Email: bsparkman@chaloslaw.com

6